IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| IRVING KARL BIGELOW,<br><br>Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION, and STATE OF UTAH,<br><br>Defendants. | **REPORT & RECOMMENDATION & ORDER**<br><br>Case No: 2:08-CV-626 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |
|---|---|

Plaintiff Irving Karl Bigelow filed suit under 42 U.S.C. § 1983 against the Social Security Administration and the State of Utah. Bigelow alleges that after he suffered a work-related injury, Utah Workforce Services told him to apply for social security benefits. He states that he was awarded social security benefits, even though he was not eligible for them. He apparently believes that he would have been in a better position if he had not received social security benefits, and instead, "WCF"[1] had taken "legal responsibility" for his partial disability. He seeks $25 million in damages. For the reasons discussed below, the magistrate judge concludes that Bigelow's complaint should be dismissed.

**DISCUSSION**

Bigelow is proceeding without prepayment of fees under 28 U.S.C. § 1915. Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . .

[1]The court assumes "WCF" refers to Workers Compensation Fund.

the action . . . "fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."[2] Because Bigelow is proceeding pro se, his pleadings are liberally construed.[3]

**Defendant Social Security Administration**

This court does not have subject matter jurisdiction over Bigelow's claim against the Social Security Administration. Section 405(g) of the Social Security Act provides the exclusive jurisdictional basis for judicial review of cases arising under the Social Security Act.[4] In order to obtain review under this section, a claimant must first exhaust his administrative remedies. In this case, there is no indication that Bigelow has attempted to follow the social security administrative review process. Accordingly, Bigelow's claim against the Social Security Administration must be dismissed.[5]

**Defendant State of Utah**

It is well-settled that absent consent, "the Eleventh Amendment bars a damages action a against a State in federal court."[6] It is equally well-settled that section 1983 does not rescind

---

[2]28 U.S.C. § 1915(e)(2)(B).

[3]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4]42 U.S.C. § 405(g).

[5]*See Sims v. Apfel*, 530 U.S. 103, 107 (2000)(stating that if a claimant fails to request administrative review, he may not obtain judicial review because he has failed to exhaust administrative remedies).

[6]*Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Eleventh Amendment immunity.[7] Accordingly, Bigelow's claim against the State of Utah should be dismissed.

**U.S. Attorney and Law Enforcement**

Although they are not named in the caption of the complaint, Bigelow has listed the U.S. Attorney and "Law enforcement" as defendants in the portion of the complaint describing the parties.

In order to succeed on a section 1983 claim, a plaintiff must prove two elements: (1) he was deprived of a right secured by the Constitution and laws of the United States, and (2) the defendant was acting under color of state law.[8] Bigelow's allegations do not satisfy either of these requirements. Bigelow cannot succeed on his claim against the United States Attorney because, as a federal employee, the U.S. Attorney does not act under color of state law. Further, under the facts provided in the complaint, Bigelow was not deprived of a right secured by the Constitution or federal law. Bigelow alleges that the U.S. Attorney would not acknowledge crimes against him or accept paperwork. It is well settled, however, that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[9] Accordingly, Bigelow has not stated a claim against the U.S. Attorney.

Similarly, Bigelow fails to state a claim against "Law enforcement." Besides failing to name the entity at issue, his claim appears to be based on officers' failure to investigate and

---

[7]*See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)(holding that a state is not a "person" within the meaning of section 1983); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)(stating that section 1983 "creates no remedy against a State.").

[8]*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

[9]*Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

prosecute crimes allegedly committed against him. As previously explained, Bigelow has no constitutional right to have someone else prosecuted for a crime.

**Motion for Preliminary Injunction**

Bigelow has filed a motion for a preliminary injunction against all Utah state courts "barring any and all action until such time as this federal court action is concluded.".[10] Absent unusual circumstances, not present here, a federal court may not enjoin state court proceedings.[11] Accordingly, Bigelow's motion for a preliminary injunction should be denied.

**Motion for Pro Se Recognition**

Bigelow has filed a motion for pro se recognition by the court "with the priviledge [sic] to speak in court and file papers, motions and petitions to the court."[12] Under federal statutory law, parties may conduct their own cases in federal court either personally or by counsel.[13] Since Bigelow has chosen to represent himself, no further action on his part is necessary to obtain recognition. Accordingly, this motion is denied.

**Motion for Appointment of Counsel**

Bigelow has filed a motion requesting the court to appoint counsel to "act as advisor and/or speak in court not to supercede pro se status of plaintiff."[14] As discussed above, section 1654 allows a party to represent himself or to be represented by counsel. There is no right to the

---

[10]Docket no. 4, filed August 27, 2008.

[11]*Younger v. Harris*, 401 U.S. 37, 45, (1971).

[12]Docket no. 5, filed August 27, 2008.

[13]28 U.S.C. § 1654.

[14]Docket no. 6, filed August 27, 2008.

type of hybrid representation that Bigelow seeks.[15]  Accordingly, Bigelow's motion for appointment of counsel is denied.

**Motion for Service of Process**

Bigelow has filed a motion for service of process.[16]  Since Bigelow's claims should be dismissed, his motion for service of process is denied.

## ORDER

Bigelow's motions for pro se recognition,[17] for appointment of counsel,[18] and for service of process[19] are denied.

## RECOMMENDATION

The court lacks subject matter jurisdiction over Bigelow's claim against the Social Security Administration.  Further, his claim against the State of Utah is barred by the Eleventh Amendment.  Finally, the complaint fails to state a claim on which relief may be granted against the United States Attorney or "Law enforcement."  Accordingly, Bigelow's complaint should be dismissed under 28 U.S.C. 1915(e)(2).

---

[15] *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *Davidson v. Stanley*, 2003 WL 21785151, at *2 (D.N.H. Aug. 4, 2003)(stating that parties to civil litigation "do not 'enjoy the luxury of hybrid representation.'")(citation omitted).

[16] Docket no. 7, filed August 27, 2008.

[17] Docket no. 5, filed August 27, 2008.

[18] Docket no. 6, filed August 27, 2008.

[19] Docket no. 7, filed August 27, 2008.

Bigelow's motion for a preliminary injunction is barred by the *Younger* doctrine. Therefore, the motion for preliminary injunction should be denied.[20]

**NOTICE**

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

September 19, 2008.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

[20]Docket no. 4, filed August 27, 2008.