IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - NORTHERN DIVISION

| | |
|---|---|
| IRVING KARL BIGELOW,<br><br>     Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br>STATE OF UTAH, and UNITED STATES<br>ATTORNEY.<br><br><br>     Defendants. | **ORDER ADOPTING REPORT**<br>**AND RECOMMENDATION**<br><br>Case No. 2:08-CV-626<br><br>Judge Dee Benson |

The present action was brought by Mr. Bigelow pursuant to 42 U.S.C. § 1983 against the Social Security Administration, the State of Utah, and the United States Attorney. The claims against these entities include: that the Social Security Administration erroneously awarded Mr. Bigelow disability benefits; that State of Utah law enforcement falsified police records; and, that State of Utah law enforcement, along with the United States Attorney, failed to investigate and/or prosecute alleged crimes against Mr. Bigelow. *See* Complaint, Dkt No. 3. On September 22, 2008, United States Magistrate Judge David Nuffer issued a Report and Recommendation, recommending this case be dismissed for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and because it is barred by the Eleventh Amendment. Mr. Bigelow objects to the magistrate judge's recommendation, ostensibly arguing that the magistrate judge misconstrued his original claims.

Mr. Bigelow argues that although the magistrate judge's recommendation with regard to his Social Security Administration claim is a correct "interpretation of Soc. Sec. administrative law [sic]," Objection to R&R, p. 1, Dkt. No. 15, it fails to address the constitutional and other issues that were raised in his complaint. *Id*. at 1-2. But before a court can address any claims, whether they be constitutional or statutory, there must be jurisdiction for such review, and in this

case, no such jurisdiction exists.  Section 405(g) of the Social Security Act provides that in order to obtain judicial review under the Social Security Act, a claimant must first exhaust his administrative remedies.  In this case, Mr. Bigelow has not even attempted to follow the social security administrative review process.  Accordingly, Mr. Bigelow's claim against the Social Security Administration is dismissed.

The magistrate judge also correctly dismissed Mr. Bigelow's claim against the State of Utah.  First, "a private citizen lacks a judicially cognizable interest in the prosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981).  Therefore, Mr. Bigelow's allegation that the State of Utah failed to properly prosecute crimes, fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Second, a state is not a "person" within the meaning of § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), and Mr. Bigelow's claim is thus barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court").

Mr. Bigelow's claim against the United States Attorney likewise fails.  As a federal employee, the United States Attorney does not act under color of state law for purposes of § 1983.  Furthermore, as stated above, Mr. Bigelow has no judicial interest in whom the United States Attorney prosecutes. *Leeke*, 454 U.S. at 85-86.

For the foregoing reasons, Mr. Bigelow's objection is DENIED, and the Court ADOPTS the magistrate judge's Report and Recommendation.  Accordingly, Mr. Bigelow's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED**

DATED this ___8th___ day of October, 2008.

Dee Benson
United States District Judge

2